UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>IMOTHY</small> W<small>ARREN</small>,

    Plaintiff,

v.

S<small>WEEPSTER</small> A<small>TTACHMENTS</small>, LLC
a wholly owned subsidiary of
International Equipment Solutions,
LLC,

    Defendant.
_____/

Case No. 14-cv-14204

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
R. S<small>TEVEN</small> W<small>HALEN</small>

**O<small>RDER</small> D<small>ENYING</small> J<small>OINT</small> M<small>OTION</small> <small>FOR</small> A<small>DJOURNMENT</small> <small>OF</small> S<small>CHEDULING</small> O<small>RDER</small> D<small>ATES</small> [26] <small>AND</small> E<small>MERGENCY</small> J<small>OINT</small> M<small>OTION</small> R<small>EQUESTING</small> M<small>ODIFICATION</small> <small>OF</small> S<small>CHEDULING</small> O<small>RDER</small> <small>AS</small> <small>TO</small> D<small>ISCOVERY</small> <small>AND</small> D<small>ISPOSITIVE</small> M<small>OTION</small> D<small>EADLINE</small> [27]**

    Presently before the Court is the parties' Joint Motion for Adjournment of Scheduling Order Dates [26], filed on February 22, 2016, and the parties' Emergency Joint Motion Requesting Modification of Scheduling Order as to Discovery and Dispositive Motion Deadline [27], filed on February 26, 2016. Upon review of the present motions, the Court concludes that the parties have not demonstrated good cause for granting the requested relief in either motion.

    The parties request adjournment so that they can complete five depositions scheduled throughout March and April. *See* Dkt. No. 26 at 2 (Pg. ID No. 117); Dkt.

-1-

No. 27 at 3 (Pg. ID No. 124). However, this matter has already been adjourned twice. It was adjourned on August 25, 2015. *See* Dkt. No. 19. It was also adjourned on November 20, 2015. *See* Dkt. No. 23.

The original discovery cutoff date was August 28, 2015. *See* Dkt. No. 10. Then it became December 4, 2015. *See* Dkt. No. 19. Then it became February 29, 2016. *See* Dkt. No. 23. It is now March of 2016. The parties have had more than a year since the original January 26, 2015 Scheduling Order to complete discovery. Yet the only explanation provided by the parties for their failure to meet this deadline is: "All but one of the witnesses live out of state, making the scheduling and taking of these depositions more time consuming and complicated." Dkt. No. 26 at 2 (Pg. ID No. 117).

Putting aside the fact that this excuse necessarily means that there is no reason for why the one local witness has yet to be deposed, the reasoning provided by the parties does not amount to good cause. In the November 20, 2015 Order Granting Adjournment, the Court explicitly noted that there would be no further adjournment of the scheduled dates. Dkt. No. 23 at 2 (Pg. ID No. 111) ("There will be no further adjournment of the scheduled dates."). The order explicitly stated that Discovery would end on February 29, 2016. *Id.* at 1. At that time, it should have become paramount to the parties to make sure that they met the deadline. Instead, the parties chose to schedule depositions after the close of discovery.

-3-

The Court refuses to litigate this matter into perpetuity. Accordingly, the Joint Motion for Adjournment of Scheduling [26] and the Emergency Joint Motion Requesting Modification of Scheduling Order as to Discovery and Dispositive Motion Deadline [27] are **DENIED**.

IT IS SO ORDERED.

Dated: March 3, 2016  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
United States District Court Judge